[No. 14190. In Bank. — June 25, 1891.]

HENRY C. HYDE, ASSIGNEE, ETC., RESPONDENT, *v.* ROBERT BOYLE ET AL., DEFENDANTS, AND R. S. THORNTON ET AL., APPELLANTS.

BILL OF EXCEPTIONS — CONCLUSIVENESS OF FACTS SETTLED — APPEAL — STRIKING MATTER FROM BILL. — The settlement of a bill of exceptions is a duty imposed upon the trial judge by virtue of his office, and the bill, when settled and allowed, will be deemed by the appellate court to be a correct statement of what took place on the trial; and the appellate court will not strike from the bill matters which are alleged not to have occurred in the trial court, or interfere with it in any manner, except in the case of a refusal by the trial judge to allow an exception.

ID. — IRRELEVANT MATTER — REVIEW UPON APPEAL. — Although the appellate court will not remodel a bill of exceptions by striking matter out of it which is alleged not to have occurred in the trial court, yet where it appears upon the face of the bill that irrelevant matter is incorporated therein, the appellate court will not consider such matter.

ID. — AMENDMENT BY JUDGE. — The fact that no amendments were proposed to a draught of a bill of exceptions proposed by the appellant does not preclude the trial judge from amending the bill to conform to the facts.

ID. — STRIKING OUT USELESS MATTER — POWER OF JUDGE. — The statutory provision that the trial judge is "to strike from a proposed bill of exceptions all redundant and useless matter, so that the exceptions may be presented as briefly as possible," is not a limitation upon his functions in settling the bill, but is in the nature of a definition of the course which the judge is authorized to adopt in settling the bill.

MOTION for an order of the Supreme Court correcting and striking out parts of a transcript on appeal. The facts are stated in the opinion of the court.

*Edward F. Fitzpatrick,* for Appellants.

*T. M. Osmont,* for Respondent.

The COURT. — The appellants ask to have struck out of the printed transcript filed herein a portion of the bill of exceptions that had been settled and certified by the judge of the superior court, prior to the filing of the transcript, upon the ground "that no part of the said matter was read, referred to, or submitted to the court below upon the hearing of the motion upon which the

order appealed from was made and entered"; and have presented certain affidavits in support of their motion, and of the grounds upon which it is made.

We think that the subject-matter of this motion was substantially passed upon by this court in its refusal to grant the petition of the appellants "to prove an exception in this case" (*Hyde* v. *Boyle*, 86 Cal. 352); and that the reasons then given for refusing their petition are applicable to the present motion.

The statute provides that a bill of exceptions shall be settled by the judge who heard or tried the cause, and, except in the single instance in which the judge "refuses to allow an exception in accordance with the facts" (Code Civ. Proc., sec. 652), has provided no other mode of settling the bill, and has made no provision whatever for any review of his action in settling a bill. The settlement of a bill of exceptions is one of the duties imposed upon a judge by virtue of his office, and is to be performed by him under the sanction of his official oath. It is not to be presumed that he will in any instance so far violate his official obligations as either willfully or knowingly to insert in the bill any matter that is not properly there, or exclude therefrom any matter that should be inserted. This court is not the tribunal to determine whether he has in any instance violated his duty in this respect, or from which a litigant is to seek redress for any such violation. When the bill of exceptions has been settled and allowed by the judge before whom the proceedings were had, it must, for all purposes of reviewing the action of the court, be deemed by this court to be a correct statement of what took place. If the judge has refused to allow an exception, the statute has provided a remedy by which a party may prove that exception, but it has given to this court no authority for striking out from a bill matters which are alleged not to have occurred in the court below. It would lead to endless confusion if, after the judge has solemnly settled and

signed the bill, his action could be set aside, or a portion of the bill struck out, upon the affidavits of spectators or parties in interest. As was said by this court in *Vance* v. *Superior Court,* 87 Cal. 393: "If it be an evil that a statement of what evidence was introduced, made by a judge who presided over the trial, and who acts in his judicial character and under his judicial oath, cannot be overcome by the contrary statement of somebody else, it must be put into the large class of evils (real or imaginary) which this court has no jurisdiction to remedy."

We do not wish to be understood as holding that everything that is contained in a bill of exceptions is always to be considered by this court in reviewing the action of the court below. It may frequently happen that irrelevant matters are incorporated into the bill, and the bill itself may show upon its face that the matters therein recited were not presented to the court at the time it made its rulings, or could not have any weight in determining the correctness of such rulings. This court will consider only such matters as by the bill of exceptions itself purport to be pertinent, and to have been considered by the court below.

The fact that the respondent did not propose any amendments to the draught of the bill that had been proposed by the appellants did not preclude the judge from making the same conform to the facts. The time within which the judge may settle a bill after it has been presented to him is not fixed by statute. If no amendments are proposed, the bill is to be presented to the judge for settlement, and it is the duty of the judge in settling the bill to make it conform to the facts. He is not precluded from so doing by reason of the failure on the part of the opposite party to propose such amendments to the draught as will cause the same to correctly represent what transpired before him. The provision in the statute, that he is "to strike out all redundant and useless matter, so that the exceptions may be presented as

briefly as possible," is not a limitation upon his functions in settling the bill, but is more in the nature of a definition of the course which the judge is authorized to adopt "in settling the bill."

Motion denied.