BAIRD *et al.* V. GLECKLER.

1. In an application to this court under section 5085, Comp. Laws, to settle a bill of exceptions, on the ground that the trial judge refuses to settle the same in accordance with the facts, every presumption is in favor of the correctness of the bill as settled by the trial judge, and it will stand, unless the attacking party affirmatively shows its incorrectness.

2. In this case affidavits and statements examined, and certain amendments to bill directed.

(Syllabus by the Court. Opinion filed Sept. 14, 1892.)

Application to the supreme court by William H. Gleckler to settle a bill of exceptions in an action brought by William F. Baird and others against the appellant in the county court of Hughes county. Application granted.

*Shunk & Hughes*, for appellant.

*Horner & Stewart*, for respondents.

KELLAM, P. J. This is an application to this court, under section 5085, Comp. Laws, to settle a bill of exceptions on the ground that the judge of the trial court refuses to allow exceptions and settle the bill in accordance with the facts. The rules of court prescribe no practice in such cases, but it will not be questioned that, where the trial judge has regularly settled a bill, every presumption is in favor of its correctness, and it must be allowed to stand unless the attacking party affirmatively shows to the satisfaction of this court that the bill as so settled is not "in accordance with the facts." In this case there are but two particulars

in which the bill as settled is complained of. It appears from the papers before us that when the case, which had been once continued on account of defendant's sickness, was called for trial, defendant, who was still unable to be present, applied for a further continuance until the next term. Plaintiffs resisted, suggesting a shorter adjournment. Defendant's counsel replied that, if but a short continuance were allowed, defendant might not then be present, and that another adjournment would then be necessary, and that to repeatedly call the jury back would entail an unnecessary expense upon the county. At this point occurs the first dissension, as to whether or not the regular jury was discharged with the consent of defendant, and with the understanding that a new jury might be called to try the case at the time to which it was so continued, if the case should then be for trial. We have carefully examined the affidavits presented and the statement of the trial judge, and are of the opinion that the bill of exceptions should show that when the continuance was granted from the 18th day of January to the 4th day of April the regular jury was discharged, with the consent of the defendant, with the understanding and agreement that a new jury might be impaneled to try the case, if the same should be triable on said April 4th. In this respect the bill of exceptions as settled by the judge, while not inaccurate, is faulty and unnecessarily voluminous in reproducing in detail the proceedings before the trial court immediately before the trial, in respect to the calling of a new jury, and the discussion of counsel as to their understanding of the matter. Let all this be stricken out, and in its place let it appear, by a simple statement of the fact, that on the 18th day of January the regular jury was discharged with the consent of defendant, and with the understanding and agreement that a new jury might be called as above indicated. The bill of exceptions as settled is also complained of, in that it shows no exception by defendant to the ruling of the court refusing his motion to strike out certain evidence of witness Brown; such motion and ruling appearing on page 31, fols. 17-24, of the bill of exceptions. The stenographer's transcript shows that such exception was taken, and the fact is not controverted by plaintiff. It should be allowed.

Let the bill of exceptions be so corrected. In thus disposing of this matter we express no opinion upon the point which seems to have been raised before the trial judge, that the time had expired within which a bill of exceptions might be settled. Let defendant's counsel correct the bill of exceptions to correspond with the foregoing suggestions, and, when so corrected and presented, it will be signed by the presiding judge of this court as the bill of exceptions in the case.