## PLANO MANUFACTURING COMPANY v. PERSON.

Under Comp. Laws, § 5085, providing that, if the judge refuse to allow an exception in accordance with the facts, the exceptant may petition the supreme court to prove it, etc., where no objection was made to a bill of exceptions when settled by the judge, an application will not lie in the first instance to the supreme court to settle on the ground that it is not in accordance with the facts.

(Opinion filed April 19, 1899.)

Appeal from Minnehaha county court. Hon. W. A. WILKES, Judge.

Action by the Plano Manufacturing Company against Swan Person.    From a judgment for defendant plaintiff appeals.

Motion of appellant in supreme court to correct bill of exceptions.    Denied.

The facts are stated in the opinion.

*Rochford & McMahon,* for appellant.

*A. B. Kittredge* and *Robertson & Dougherty,* for respondent

HANEY, J.   The appellant noticed a motion, or application, the nature of which appears from the papers served upon opposing counsel.   The first of these after the title of the cause reads as follows: "Now comes the appellant above named, and respectfully petitions and asks the court:   (1)   That whereas the bill of exceptions as settled by the trial court is incorrect, and some of the exceptions taken upon the trial, and material to the questions presented by this appeal, have not been settled by the said trial court, that, therefore, the appellant be allowed to prove the same in such manner as the supreme court may by rule direct, and that thereupon such exceptions be settled and allowed by a justice of this court, and especially as mentioned in the notice of motion and in the annexed affidavit of J. E. McMahon hereto attached, and that upon such hearing the appellant be allowed to introduce such proof as will satisfy this court of the truth of such matters, and enable it to properly present to this court the errors alleged to have occurred upon the trial.   (2)   That, upon said bill being settled as prayed for, that this court make an order placing this case upon the present term of the calendar for final disposition at such time as will permit the respective parties to have the record published and their briefs prepared, and such further relief as to the court may appear just.   Rochford & McMahon, Attorneys for appellant."   To the foregoing was attached a notice to respondent that appellant would at the time and place designated apply to this court for an order striking out of the bill of exceptions as settled by the trial judge certain words and inserting others, and that the case be placed upon the present April term calendar; also an affidavit of one of the appellant's attorneys, wherein it is stated that the bill as settled does not cor-

rectly present the proceedings in the court below. The notice specifies that the motion or application will be based upon the above mentioned affidavit and a transcript of the shorthand reporter's notes of the trial. Upon the hearing of the motion or application, counsel for respondent made no objection to having the cause placed upon the present term calendar, but resisted the motion so far as it contemplates any change of the bill of exceptions, and read in opposition thereto an affidavit of the trial judge, wherein "affiant says that, as such judge, he signed, settled and allowed the bill of exceptions in the above-entitled action, and the same was settled without any objection on the part of either of the parties to this suit, and without exceptions being taken by either; that at the time of settlement of said bill as aforesaid the attorneys for the respective parties appeared in affiant's office, the appellant having served its proposed bill, and the respondent having served his proposed amendments; that thereupon the attorneys for the respective parties agreed to practically the entire bill as amended by said attorneys in affiant's presence; and as they came to such part as they were unable to agree it was submitted to affiant for settlement, and settled as to each of them without any objection being made by either of the parties, or any exceptions being taken." The provision of the statute applicable to the matter is as follows: "If the judge in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same. The application may be made in the mode and manner and under such regulations, as that court may prescribe, and the bill when proven must be certified by a justice thereof as correct, and filed with the clerk of the court in which the

action was tried, and when so filed it has the same force and effect as if settled by the judge who tried the cause." Comp. Laws, § 5085. California has substantially the same provision. Code, Civ. Proc. § 652. "It is not" says the supreme court of that state, "the purpose of the section to require this court to discharge the duties of the judge of the court below, but only to provide a mode for the settlement of a bill in case the judge of the court below, upon a proper application therefor, refuses to settle any bill of exceptions or refuses to settle a bill in accordance with the facts." Gallardo v. Telegraph Co. 49 Cal. 510. The moving papers contain no allegation or fact from which a refusal to settle the bill according to the facts can be inferred. The statements of the affidavit made by the trial judge are not contradicted, and must be taken as true. Counsel for appellant concede in their brief that the bill was settled without the assistance of a transcript of the shorthand reporter's notes, and it appears from the trial judge's affidavit that the exceptions were either agreed to or settled by him without objection; in other words, the bill, as settled, was, at the time, so far as is disclosed by the record, satisfactory to both parties. It may be that there are matters omitted from it which appellant now desires to have inserted, and which would have been proper to insert, had the trial judge been requested to do so; but it cannot be said that he refused to settle the bill in accordance with the facts, because the appellant's conduct evidently caused the judge to understand that the settlement was entirely satisfactory. Before this court can be called upon to strike from or add to any record of the trial court, it should affirmatively appear that the matter to be stricken out or inserted is in accordance with the facts, that a proper ap-

plication has been made to the trial court to strike out or insert, and that such judge has refused to act as requested. That the trial judge has not settled the bill precisely as proposed, or not in accordance with the facts, does not, in itself, constitute such a refusal as is contemplated by the statute. The desired exception must be insisted upon by the party, and the judge's refusal must clearly appear. If the party is present when the bill is settled, he should make specific objections, or by timely application insist upon such amendments as he deems material. He cannot acquiesce in the action of the judge, and subsequently assert that there was a refusal to act. The appellant, by reason of its failure to object, must be deemed to have consented to the bill as settled; and, as the trial judge seems to be satisfied with it, this court cannot question its correctness.

It does not follow from what has been said that an omission from or error in a bill of exceptions, resulting from excusable accident or mistake, cannot be remedied. Such a case is not before us. Nor is there anything in Baird v. Gleckler, 3 S. D. 300, 52 N. W. 1097, in conflict with the views herein expressed. In that case the refusal of the trial judge was conceded, and the only questions involved or considered were in relation to the facts which should be shown by the bill of exceptions. Appellant's application, so far as it relates to the bill of exceptions, is denied.