[S. F. No. 4366.  In Bank.—July 28, 1905.]

In the Matter of the Estate of BERTHA M. DOLBEER,
Deceased.    ADOLPH   SCHANDER,   Appellant,   v.
GEORGE D. GRAY et al., Respondents.

BILL OF EXCEPTIONS—PETITION TO PROVE EXCEPTIONS DISALLOWED—
AMENDMENT AFTER REFERENCE AND HEARING.—A petition under
section 652 of the Code of Civil Procedure for leave to prove
exceptions disallowed by the trial judge must be presented with
reasonable promptness in view of the facts; and the petition will
not be allowed to be amended to add other exceptions disallowed
after a reference has been ordered to take the testimony and
report upon the matters stated in the original petition and a
hearing has been had thereunder.

ID.—STRICT CONSTRUCTION OF CODE—RESTRICTIONS OF POWER.—The con-
struction of section 652 of the Code of Civil Procedure is strict
as to the extent of the powers of this court thereunder. It does
not afford a remedy for refusal to settle any bill of exceptions
nor in respect of any exception allowed by the court, though
the statements of evidence therein may be incorrect, nor to prove
an exception not presented to the trial judge.

ID.—PRACTICE AS TO EXCEPTIONS DISALLOWED—SEPARATE BILL.—Where
an exception presented to the trial judge has been disallowed, it
may be proved in this court, and the evidence applicable thereto
may be proved as an incident. The bill thereof will be certified by
the chief justice of this court as a separate and distinct bill, and
will constitute part of the record upon appeal.

PETITION for settlement of exceptions disallowed in
the Superior Court of the City and County of San Francisco.
J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Hiram W. Johnson, and Albert M. Johnson, for Appellant,
Petitioner.

Garret W. McEnerney, for Respondents.

BEATTY, C. J.—On July 7th, inst., Adolph Schander, who
is appealing from a decree of the superior court admitting to
probate the will of Bertha M. Dolbeer, filed his verified peti-
tion for leave to prove certain exceptions to rulings of the
court which, as he alleged, the judge thereof had refused to

allow in accordance with the facts. An order was thereupon entered allowing the petitioner to make proof of the alleged exceptions and referring the matter to the chief justice "to take the testimony in reference to the exceptions alleged in said affidavit to have been reserved by the contestant and the circumstances under which the same were taken and to report the result of his proceedings."

At the time agreed upon the parties appeared before the chief justice and much evidence was heard in relation to the exceptions specified in the petition. During the hearing the petitioner sought to prove some exceptions additional to those specified in his petition, but the chief justice held that he had no authority under the order of reference to take proof of such additional exceptions, and the petitioner subsequently —on July 14th—made the present application to the court for leave to amend his original petition by adding thereto certain specifications of other rulings and exceptions which he alleged the judge has refused to allow in accordance with the facts.

For the reasons following we think the application should be denied. The proceeding is under section 652 of the Code of Civil Procedure, which reads as follows: "If the judge in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same. The application may be made in the mode and manner, and under such regulations as the court may prescribe; and the bill, when proven, must be certified by the chief justice as correct, and filed with the clerk of the court in which the action was tried, and when so filed it has the same force and effect as if settled by the judge who tried the cause."

This court has never made any formal rules governing applications to prove exceptions, and so far as the mode of procedure is concerned the practice has been sufficiently liberal. As to the extent of our powers the construction of this section has been rather strict. (*Landers* v. *Landers,* 82 Cal. 480, [23 Pac. 126]; *Vance* v. *Superior Court,* 87 Cal. 390, [25 Pac. 500]; *Hyde* v. *Boyle,* 86 Cal. 352, [24 Pac. 1059]; *Hyde* v. *Boyle,* 89 Cal. 590, [26 Pac. 1092]; *Cox* v. *Delmas,* 92 Cal. 652, [28 Pac. 637]; *Matter of Gates,* 90 Cal. 257, [27 Pac. 195].) The result of these cases and of the later de-

cisions in which they have been followed is to settle the construction of the section as to the extent of the power which it confers upon this court, and also to indicate the proper practice in invoking the exercise of that power. It cannot be held that a judge has refused to allow an exception unless it is shown that he has been properly requested to allow it, and, therefore, the petition for leave to prove an exception should show that the petitioner has taken the proper steps to procure the settlement of a bill of exceptions; that he included in his proposed bill a statement of the particular exception which he desires to prove, and that the judge in settling the bill refused to allow that he had taken such exception. The contention that this section affords a remedy for the wrongful refusal to settle any bill of exceptions has been repeatedly and distinctly overruled in the cases in which it has been held that for such refusal the remedy is by *mandamus*. And it has been held with equal distinctness, that when an exception to a particular ruling has been allowed this court has no authority to strike out any evidence or other matters stated in connection with such ruling upon the ground that such evidence was not given, or that such matters are untruly or incorrectly stated; from which it follows that we are equally without authority to add to the statement of the ruling and exception contained in the settled bill any evidence or other matters which may be alleged to have been improperly omitted therefrom. In short, the final result of all the decisions is that when a bill of exceptions has been settled by the trial judge, the bill so settled is complete and unchangeable as to every exception therein contained. If the judge has put in incorrect statements of evidence, or other matters bearing upon his rulings, or has omitted evidence or other matters claimed to be material, the evil is not remediable here. All that the statute provides is, that when he has refused to allow an exception according to the facts—that is to say, when he has refused to allow that a particular ruling was made and excepted to when in fact it was made and excepted to—the party aggrieved may then apply to this court to prove that he did reserve an exception to such ruling, and in that connection, and as a necessary incident, may prove and have allowed the evidence and other matters material to the exception. The exception or excep-

tions so proved will then be certified by the chief justice of this court and will constitute a separate and distinct bill of exceptions additional to the bill settled and allowed by the trial judge, and will constitute a portion of the record on appeal.

From this it follows, that just as soon as the trial judge has concluded the settlement of the proposed bill of exceptions or statement and directed its engrossment with the omission of an exception or exceptions which the party seeking the allowance of the bill claims to have reserved, the right to apply to this court for relief under section 652 of the Code of Civil Procedure has accrued, and the application should be made with reasonable promptitude. In this case it appears from the original petition that the trial judge concluded the settlement of petitioner's bill on the twenty-eighth day of April, 1905, and directed its engrossment as allowed. It was more than two months thereafter before the petition to prove exceptions was filed here, and the respondents in the appeal complain of this delay, and make it a ground of objection to the original petition. But considering the length of time consumed in the trial of the will contest, the great number of controverted points in the case, and the necessary bulk of the statements to be engrossed, we think that any apparent delay in presenting the original petition is excusable. We are, however, unwilling to make a precedent for allowing further amendments to petitions of this character after a reference to hear the evidence and report upon the matters originally presented. The whole proceeding is anomalous, and when conducted in the most methodical and expeditious manner makes a demand upon our time which interferes most seriously with the performance of our more legitimate and more imperative duties as defined by the constitution. We feel justified, therefore, in insisting that the party seeking the allowance of exceptions which the trial judge has refused to allow should present his whole case in his original petition, or, at least, before a hearing upon a reference to take the testimony and report.

Petition for leave to amend denied.

Van Dyke, J., Shaw, J., Angellotti, J., Lorigan, J., and McFarland, J., concurred.