[Civ. No. 420.  Third Appellate District.—January 4, 1908.]

## JAMES DONNELLY, Appellant, v. ELIZABETH J. TREGASKIS, Respondent.

NEW TRIAL—BILL OF EXCEPTIONS—ORDER VACATING SETTLEMENT—IN-CORRECTNESS OF BILL—WANT OF DILIGENCE OF ATTORNEY—DISCRE-TION—INTEREST OF JUSTICE.—The court has discretion, under section 473 of the Code of Civil Procedure, to vacate its order settling a bill of exceptions on motion for a new trial, upon application of the attorney for the prevailing party, where the court is satisfied that the bill as settled does not present a full, true or correct statement of the proceedings and evidence; and its discretion in vacating the order will not be interfered with, though

the showing of diligence on the part of the attorney for the prevailing party is not sufficient, where, under the circumstances shown, the action of the court ought to be upheld in the interest of justice.

APPEAL from an order of the Superior Court of Solano County, setting aside its settlement of a bill of exceptions on motion for a new trial. L. G. Harrier, Judge.

The facts are stated in the opinion of the court.

Paul C. Harlan, for Appellant.

Frank R. Devlin, for Respondent.

HART, J.—This is an appeal from an order of the superior court vacating and setting aside an order settling a bill of exceptions, and allowing the defendant ten days in which to propose amendments thereto. The plaintiff excepted to said order, and the record upon said exception consists of the affidavits of the respective counsel for the parties.

From the record we learn that a suit between the parties for some sort of equitable relief—the particular relief sought does not appear—was tried on the first day of August, 1906, and judgment awarded to the defendant by the court and the same entered of record on the twenty-fourth day of September, 1906.

The only question submitted for determination is: Did the court below abuse its discretion in making the order setting aside the previously made order settling the bill of exceptions? The respondent had failed to prepare, propose and serve upon the attorney for the appellant any amendments to the bill within the ten days allowed him by law to do so, and had not obtained from the court an order extending the time for that purpose. The proceeding involving the motion to set aside the order with which we are here concerned was inaugurated upon the authority of section 473 of the Code of Civil Procedure. That part of the said section through which respondent seeks relief provides that the court may, "upon such terms as may be just, relieve a party or his legal representative from a judgment, or order, or other proceeding taken against him through his mistake, inadvertence,

surprise or excusable neglect; provided that application therefor be within a reasonable time, but in no case exceeding six months after such judgment, order or proceeding was taken."

A copy of the bill of exceptions was served on counsel for respondent by counsel for appellant on the twentieth day of October, 1906; no amendments were proposed and served on appellant by the respondent, and an order extending the time within which to propose and serve amendments to the bill was not obtained nor attempted to be obtained from the court or by stipulation from counsel. It is alleged in appellant's affidavit that on December 17, 1906, "affiant duly served upon said Devlin, at his office, a written notice that he (affiant) would move the said Superior Court for a new trial in said action, on December 23, 1906, upon (among other things) the bill of exceptions that day (December 17, 1906) presented to the judge of the Superior Court." This statement is not directly denied by counsel for respondent, but is controverted only by inference from the following averment in his affidavit: "That the first knowledge affiant had that said Harlan was to urge a speedy settlement of said bill of exceptions was on the 26th day of December, 1906, when affiant learned for the first time that said bill of exceptions had been settled, allowed and approved on the 17th day of December, 1906."

Counsel for respondent offers as an excuse for his neglect in proposing and serving amendments to the bill the following reasons set forth in his affidavit: "That at the trial of said cause, T. H. Hyatt, who was then and there the duly appointed and acting official reporter of said Superior Court, reported the proceedings and testimony in said cause in shorthand, and, after the rendition and entry of said judgment, as aforesaid, to wit: on or about the —— day of August, 1906, said reporter was directed by attorney for said plaintiff, to transcribe his shorthand notes into longhand, and the said attorney for said defendant on or about the same date directed said T. H. Hyatt to transcribe for .defendant a copy of said notes; that thereafter, to wit: about the 1st day of October, 1906, the said T. H. Hyatt met with a violent and mysterious death in the County of Alameda, State of California; that it was rumored that, at the time of the death of said Hyatt, he had the transcript of the testimony of said

case in his possession, but that said transcript and notes were missing when the remains of said T. H. Hyatt were found; that subsequently, to wit: on or about the —— day of November, 1906, the said Paul C. Harlan discussed with the said Frank R. Devlin the matter of the loss of said reporter's notes, and, in such conversation, both of said attorneys suggested what might be done toward ascertaining the whereabouts of said notes and transcript; that, in said conversation, affiant suggested to said Harlan that inquiry be made of the Coroner's office and Sheriff's office of said Alameda county to ascertain if said notes and transcript were subsequently found, and, at the conclusion of said conversation, it was affiant's opinion and belief, based upon said discussion, that it was the said Harlan's intention to make such inquiry; that the said transcript of testimony was very necessary to both parties herein for the proper preparation of the bill of exceptions and amendments thereto herein, and it was the opinion and belief of affiant that he would later hear from said Harlan before the said Honorable Superior Court would be requested to settle said bill of exceptions; that the said affiant informed said Harlan that he proposed offering amendments to said bill of exceptions, and also informed the Honorable Judge of said Superior Court of his intention to offer said amendments; that the said Harlan never mentioned or discussed the said bill of exceptions with affiant since the said conversation with reference to the loss of said notes and transcript and the efforts to be made to locate them."

The affidavit of respondent's counsel also states: "That the said bill of exceptions, as now settled, allowed and approved, does not set forth a *full,* or *true* or *correct* statement of the proceedings and evidence in said cause, and defendant could not safely proceed to the hearing of the motion for a new trial herein, or on appeal, if appeal became necessary, upon such bill of exceptions, and it is the purpose, intention and desire of defendant to offer amendments to said bill of exceptions if the order heretofore made settling said bill of exceptions is set aside, and it is necessary to conserve the interests of defendant that amendments be offered to said bill of exceptions, and that substantial justice cannot be done between the parties herein under the bill of exceptions as now settled, allowed and approved."

In his affidavit counsel for appellant declares that in the conversation referred to in respondent's affidavit he informed counsel for respondent that the transcript of the testimony and proceedings made by said court reporter Hyatt would, if found, amount to only about thirty-eight of a possible fifty pages; that the conversation between himself and respondent's counsel relative to said reporter's notes occurred after a copy of the bill of exceptions had been served on counsel for respondent; that he did not, either before or after said conversation, "undertake or promise or agree with said Devlin to search or inquire for the notes and transcript of the testimony and proceedings in said action for the benefit of said Devlin or any other person"; that "affiant did not say, at any time, directly or indirectly, to said Devlin, that he (affiant) would give any notice or information to said Devlin concerning the settlement of said bill of exceptions." It is admitted that in said conversation counsel for respondent "did say something to the effect that he intended to propose amendments to said bill of exceptions."

The inclination of reviewing courts generally is in the direction of sustaining an order of a trial court made under section 473 of the Code of Civil Procedure, where it is made to appear that the relief asked, if granted, will result in the furtherance of justice, if the facts upon which the order is made do not compel an opposite conclusion. With the whole record of the case before it, in addition to the showing made by the affidavit of respondent's counsel, the trial court was in a position to thoroughly know and appreciate the situation and the circumstances of the alleged default of respondent in not presenting his amendments to the bill within the time allowed by law, and his neglect to secure either by stipulation with his adversary or from the court an extension beyond the statutory time within which to serve and propose amendments. In cases like this, much must be left to the discretion of the trial court. As is said in *Vinson* v. *Los Angeles Pac. R. R. Co.*, 147 Cal. 483, [82 Pac. 53]: "Whether or not the circumstances of a particular case are such that the mistake or inadvertence should be excused is a question the determination of which must, of necessity, be left largely to the court to which application is made, and it is well settled that this court will not interfere with the exercise of the discretion,

7 Cal. App.—21

except in a case where a clear abuse of discretion is apparent. Particularly is this so where the discretion is exercised in favor of the granting of the relief sought, as such action tends to bring about a conclusion on the merits, which is always to be desired." (Citing *O'Brien* v. *Leach*, 139 Cal. 220, [96 Am. St. Rep. 105, and note, 72 Pac. 1004].)

It may be admitted that the affidavit of counsel for the respondent averring facts excusing his neglect does not of itself make a very strong showing. It does, however, state that the bill as settled "does not set forth a *full*, or *true* or *correct* statement of the proceedings and evidence in said cause," and if this averment be true (and no one could better know whether it was or not than the judge who tried the case), then considerable latitude should be allowed to the discretion of the court below to take such necessary authorized steps as would make the contents of the bill conform to the record, so that the cause, upon the motion for a new trial or upon appeal, if it reaches that stage, could be finally disposed of on its merits.

In *O'Brien* v. *Leach*, 139 Cal. 220, [96 Am. St. Rep. 105 and note, 72 Pac. 1004], the court says: "The court below, in deciding the motion should have considered, and undoubtedly did consider, all the facts in the case as shown by the record, including the cause of action set forth in the complaint, the proceedings in applying for judgment, and the amount of the judgment rendered in favor of plaintiff." It is also said in that opinion: "We are disposed to look with favor on the action of the lower court in setting aside the judgment, and to give to the defendant the most favorable possible construction of the evidence," speaking of the record before it involving an appeal from an order setting aside and vacating a default judgment upon the ground of the "mistake, inadvertence, and excusable neglect of the defendant's attorney."

The court in the case at bar evidently, from the affidavit of respondent and the whole record of the case, with which, having tried it, it was fully familiar, concluded that the bill did not present a "full, or true or correct" statement of the proceedings and evidence, and with such conclusion we do not feel at liberty to interfere.

It will no doubt be apparent to the profession that we have sustained the order of the court below more upon the assumption that the judge made a full investigation of the record of the case and upon such investigation found that the bill as offered and settled does not represent the proceedings and evidence as they appear in the record and necessary to be shown in the bill in order that the cause may finally be determined upon its merits, than upon the showing made by counsel for respondent. With this showing we do not hesitate to say that we are not greatly impressed, for it is very clear that nonaction on the part of the respondent for a period of forty-seven days after a copy of the bill had been served on him in the matter of proposing amendments does not constitute evidence of that diligence with which an attorney should attend to matters, necessarily arising under the law, in causes litigated in the courts. But, as suggested, we have assumed that there must have been considerations growing out of the record of the whole case, not appearing in the record before us, which influenced the judge, as a matter of justice not only to the victorious party to the suit but to himself, to vacate the order settling the bill.

This leads us to suggest that in appeals from orders such as the one before us it would be a commendable practice, in order to give section 473 of the Code of Civil Procedure the force and uniform enforcement intended by the legislature, for the judge to present his reasons for making such order, pointing out briefly wherein the bill does not speak the truth or the full truth, particularly where the affidavits and other proceedings upon which relief is asked and which constitute the record on the motion do not from their own intrinsic strength compel favorable action. Rules regulating the procedure in the trial of cases and prescribing the mode of taking appeals are established for no other purpose than to facilitate, so far as practicable, the final disposition of litigation, and should, of course, be uniformly enforced, or at least so enforced as to promote diligence rather than encourage laxity and negligence. Therefore, the record in such appeals should be such as to enable an appellate court to determine for itself, without the necessity of assuming too much, whether in a given case there has been excusable neglect by a party or his attorney for a failure to act within the requirements of the

statute.  But we feel, as before declared, that, under the circumstances shown here and upon the assumption that the order of the court is to be interpreted as a finding that the bill does not contain a full and true statement of the evidence and other proceedings, the action of the court ought to be upheld in the interest of justice, particularly when we bear in mind the undisputed fact that the reporter's notes for the reason stated were not available, and that, probably, therefore, the bill was prepared from memory.

For the reasons declared in the foregoing the order is affirmed.

Chipman, P. J., and Burnett, J., concurred.