[No. 2055]

ALEX. McVEIGH MILLER, Petitioner, *v.* MITTIE POINT MILLER, and HON. E. J. L. TABER, as District Judge of the State of Nevada, in and for the Fourth Judicial District, Respondents.

1. Appeal and Error—Exceptions—Settlement of Bill or Statement—Refusal of Trial Judge—Procedure.

An application to the supreme court, under the provisions of section 374 of the civil practice act (Rev. Laws, 5316), to have exceptions settled according to the facts, upon the ground that the trial judge has refused to so settle the same, to be sufficient should specifically set forth: First, the exception during the trial or proceeding to a ruling actually made; second, the facts supporting the exception; third, that such exception and the facts supporting it were in truth and in fact presented to the trial judge for settlement and allowance; fourth, the actual settlement by the trial judge, or judicial officer, of the statement; fifth, that on the settlement of the statement or bill the trial judge, or judicial officer, has failed or refused to allow the exception as stated; and, sixth, that the exception refused by the trial judge, and which the applicant seeks to prove, is material to and affects the substantial rights of the parties.

2. Appeal and Error—Bill of Exceptions—Settlement by the Supreme Court—Procedure.

An application to the supreme court to have settled certain alleged exceptions according to the fact, is premature if made before actual settlement made by the trial judge.

3. Appeal and Error—Statement or Bill of Exceptions—Settlement—Province of Supreme Court.

This court cannot require the trial court to add or take from the statement or bill of exceptions as settled by the trial judge. Upon a proper showing that an exception was insisted upon before the trial court and refused, the supreme court, if the exception is clearly proven, will determine the exception and ruling and the facts applicable thereto to be a part of the record on appeal, not in the nature of an amendment to the bill or statement as settled by the trial judge, but with the same force and effect.

4. Appeal and Error—Refusal of Trial Judge to Settle Statement—Procedure in Supreme Court.

If a trial judge, having had a statement or bill of exceptions presented to him, refuses to settle the same, the aggrieved party may proceed in the supreme court under section 392 of the civil practice act (Rev. Laws, 5334).

Original proceeding by Alex. McVeigh Miller to have settled a statement on appeal in the case of *Alex.*

*McVeigh Miller* v. *Mittie Point Miller*, by inserting therein certain matters stricken .therefrom by Hon. E. J. L. Taber, the trial judge, and by striking therefrom certain matters required by said respondent judge to be inserted therein.   **Application denied.**

The facts sufficiently appear in the opinion.

*Augustus Tilden*, for Petitioner:

A statement on appeal is distinguishable from a bill of exceptions in this, that the second is the mode of perpetuating a specific exception, while the first is intended to embody in the record all of the evidence introduced on the trial.    (3 Ency. Pl. & Pr. 384, note 3.)

To "allow an exception" is one thing; to "settle the statement" is another.    The first is the language of the California code (C. C. P. sec. 652); the second, of our own practice act (Rev. Laws, 5333).

Counsel's entire case is based on California decisions; and it ignores the fundamental distinction between the California and Nevada provisions.

Section 5333 provides that "if a judge  *  *  *  refuses to settle the statement in accordance with the facts," that section may be invoked.

To settle .the statement is not alone to "allow an exception" or exceptions, but also to settle the facts upon which the exception or exceptions are to stand or fall.

The learned judge admits that to strike out the disputed minutes would, as he believes, be striking out something that is true, and he says that he thinks unquestionably that he had the minutes in mind when he wrote the opinion.    He says that "it might have been" a superfluous thing for counsel to introduce those minutes in the face of the stipulation read into the record, to wit: "The Court: Counsel have agreed then that the court may, without objections from either side, have the right to examine any of the records in either case which may be deemed necessary."   He says that he remembers using Reporter B. M. Wilson's transcript of the proceedings, in that part of. his decision relating to laches, and he

thinks its recitals are the "absolute truth" as far as they go.

He says that the recital: "And the court read and used all of such evidence, papers and proofs in this cause introduced by either party hereto in rendering its decision, opinion and findings herein"—is in accordance with the fact, as "far as it goes"; "because in rendering my decision I had that whole record before me—all the affidavits and everything. My recollection is that I considered everything, though there might have been some of the minutes that I did not consider." And he says that to expunge the matter quoted "would be putting out of the record something that is the truth according to the way I have explained it."

But, says counsel, this proceeding is premature, because the statement was not settled by Judge Taber, and it is not to be supposed that he will not settle it in accordance with the facts until it is settled.

This is a plea in abatement, which has been waived by pleading to the merits; but what is the judge's written opinion, attached to the petition, if not a settlement?

And has not Judge Taber, from his own lips, in the language of section 5333,"refused to settle the statement in accordance with the facts"?

What of that part of the section which provides that "the statement when proven must be certified by the chief justice   *   *   *   and filed,   *   *   *   and when so filed it shall have the same force and effect as if settled by the judge who tried the cause"?

The averments of the petition have been established without conflict. We have established that the rulings of the lower court complained of in the matter of settlement "suppress the truth." To hold us without remedy would be as effectually to deny us the right of appeal as to wipe out the sections governing appeal. We cannot conceive that any stress of business in this court, whatever its magnitude, would justify such a course.

*Stevens & Van Pelt*, for Respondent.

By the Court, McCarran, J.:

This is an application under section 374 of the civil practice act (Rev. Laws, 5316), in which application petitioner, Alex. McVeigh Miller, through his attorney, Augustus Tilden, Esq., petitions this court as follows:

"Petitioner respectfully prays that upon such notice to respondent Hon. E. J. L. Taber and to respondent Mittie Point Miller, to be served upon her counsel, she being now in Massachusetts or West Virginia, as to the court shall seem adequate, petitioner be permitted to prove his said statement and exceptions, and that the matters required by respondent Hon. E. J. L. Taber to be stricken from said statement be permitted to stand, and that said statement be settled without the insertion of the matter required by respondent Hon. E. J. L. Taber to be inserted therein; and that petitioner have such other, different or additional relief as to the court may seem just."

The section of the statute under which this application is made, and the only section under which such an application could be made, is found in section 374 of the civil practice act, and this section must be read in connection with section 373 of the civil practice act (Rev. Laws, 5315). They are as follows:

"373. An exception is an objection upon a matter of law to the decision made by a court, judge, referee, or other judicial officer, in an action or proceeding. The exception must be taken at the time the decision is made, except as provided in the next section. No exception shall be regarded on a motion for a new trial or on an appeal unless the exception be material and affect the substantial rights of the parties." (Rev. Laws, 5315.)

"374. The point of the exception shall be stated and may be delivered in writing to the judge or taken by the stenographic reporter of the case, if there be one, or, if the party require it, shall be written down by the clerk. When delivered in writing or written down, as above, it shall be made conformable to the truth, or be at the time

corrected until it is so made conformable.  If the judge shall in any case refuse to allow an exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same, and shall have the right so to do, in such mode and manner and according to such regulations as the supreme court may prescribe, or by rules impose, and such exceptions as are allowed by said supreme court shall become a part of the record of the case." (Rev. Laws, 5316.)

The provisions of the statute above quoted must not be confounded with section 392 of the civil practice act (Rev. Laws, 5334), which bears upon the refusal of a judge or judicial officer to settle a bill of exceptions.  The statute reads as follows:

"392. When the decision excepted to was made by a referee or any judicial officer other than a judge, the statement shall be presented to such referee or judicial officer, and be settled and signed by him in the same manner as it is required to be presented to, settled, and signed by a court or judge.  A judge, referee, or judicial officer may settle and sign a statement after as well as before he ceases to be such judge, referee or judicial officer.  If such judge, referee or judicial officer, before the statement is settled, dies, is removed from office, becomes disqualified, is absent from the state, or refuses to settle the statement, or if no mode is provided by law for the settlement of the same, it shall be settled and certified in such manner as the supreme court may, by its order or rules, direct." (Rev. Laws, 5334.)

After relating the facts relative to the several orders of the court appealed from, and the filing and submission of a proposed statement on appeal, and the filing and service of amendments thereto, the petition reads as follows:

"That thereafter and on or about the 8th day of December, 1912, said proposed statement and proposed amendments were submitted to respondent Hon. E. J. L. Taber, as judge of said district court for settlement, and

on or about the 20th day of December, 1912, the said respondent rendered a written decision in the matter of said settlement, a copy of which written decision marked 'Exhibit B' is hereto attached and made a part hereof.

"That by said decision petitioner is deprived of the benefit of his exceptions in said matter duly reserved, in the following particulars:

"Petitioner relied and relies on the failure of respondent Mittie Point Miller to bring her motion for an order vacating default and judgment on for hearing within the six months period prescribed by law, and upon her neglect and refusal to bring the same on for hearing at the first available opportunity thereafter, and to establish his exception based on said circumstances set forth in his said proposed statement at pages 92 and 95, inclusive, the minutes of the said court showing that sessions thereof were held, presided over by Hon. Peter J. Somers, a district judge of said state, by request of the respondent Hon. E. J. L. Taber, on the 30th day of June, 1911, and the 1st day of July, 1911, both dates being within said six months period, and on September 25, 1911, and December 19, 1911, both of said last-mentioned dates being after the expiration of said six months period, and also set forth the formal requests in writing made by respondent Hon. E. J. L. Taber to Hon. Peter J. Somers, so to preside, showing that there was no legal or any reason why such motions could not, without impropriety or error, have been heard by Hon. Peter J. Somers.

"That the contents of said minutes were actually and constructively known to respondent Hon. E. J. L. Taber, and said minutes bore his signature at the time that he made and gave the orders from which petitioner is seeking to appeal, and the said letters of request were written by said Hon. E. J. L. Taber, and there is no controversy as to the facts herein set forth; nevertheless and although respondent Hon. E. J. L. Taber comments and specifically

passes upon said question of laches in his written opinion upon which said orders are based and makes specific reference to the said correspondence between himself and Hon. Peter J. Somers, he by his decision in the matter of the settlement of said proposed statement on appeal requires all of said minutes and letters of request to be stricken therefrom, thereby depriving petitioner of the benefit of, and to all intents and purposes denying him, his exception in the premises.

"That it is also an uncontested fact that at the said December 19, 1911, session of the said court petitioner called to the court's attention, Hon. Peter J. Somers presiding, the pendency of said motion to vacate said default and judgment and called the same up for hearing, and that the judge presiding then and there said from the bench that he would hear said motion if respondent Mittie Point Miller would consent thereto; but said respondent, by her counsel, refused to consent thereto and the court thereupon, upon the sole ground of defendant's refusal to consent thereto, refused to hear the same; all of which is set forth at page 95 of said proposed statement on appeal, but respondent Hon. E. J. L. Taber by his decision in the said matter of settlement requires the same to be stricken from said statement, thereby depriving petitioner of the benefit of, and to all intents and purposes denying him, his exceptions in the premises.

"The petitioner's said proposed statement on appeal, together with the matter proposed by amendment and accepted by petitioner, embodies all oral evidence and documentary proof and necessary reference to every circumstance before respondent Hon. E. J. L. Taber, and upon which he bases his decision and order vacating the default and judgment; and contains the words, 'and the court read and used all of such affidavits, papers and proofs in this cause introduced by either party thereto in preparing and rendering its decision, opinion and findings herein,' but the respondent Hon. E. J. L. Taber, by his

decision in said matter of settlement not only requires that the above-quoted words be striken from the statement on appeal, but requires that the following words be inserted therein, to wit: 'Except those matters and proceedings within the personal knowledge of the judge who presided at the trial of said case No. 89, and before whom the said motion to amend the record and the said motion to vacate default and decree were heard and taken into consideration by him in making the said orders.' That by striking out said first-mentioned matter and causing to be inserted said last-mentioned matter said statement on appeal is made to justify the impression and construction that other material, relevant and competent facts and circumstances were before and moved the court in making the orders sought to be appealed from, but which alleged and pretended facts and circumstances are not proposed by amendment or in any wise brought to petitioner's notice, and no opportunity is given to insert them in said statement or be heard as to their propriety as part of said statement, but if the action of respondent, Hon. E. J. L. Taber, is permitted to stand, this honorable court may be compelled to take the position that, notwithstanding the manifold errors appearing in the record and the divers particulars of insufficiency of the evidence to justify the orders sought to be appealed from, such defects are cured by said alleged and pretended other facts and circumstances not appearing in the statement on appeal, whereby petitioner will be deprived of the benefit of and denied his exception as to every error and particular of insufficiency of evidence in the record, and will to all intents and purposes be denied his right of appeal.

"That by respondent Hon. E. J. L. Taber's decision in said matter of said settlement on appeal respondent is required to insert in said statement the following:

"'The record and files of this court fail to show that the reporter's transcript, of which the foregoing is a copy, was admitted in evidence at the special hearing in May, 1912. The said transcript, however, is referred to

in the decision of the court, and for that reason the same is permitted in this statement. At the time said transcript was offered in evidence by Mr. Tilden, for the plaintiff, at the special hearing in May, 1912, the defendant objected to its admission, on the ground that the hearings on the motions had already been submitted, but stated that, should such evidence be admitted, defendant desired to be given an opportunity to offer evidence tending to rebut any inference of laches or delay which might be drawn from the proceedings as reported in said transcript. The matter seems to have been definitely disposed of by the court at such special hearing in May, 1912, and the defendant was therefore precluded from offering any testimony at that time tending to rebut any inference of laches or delay which might be inferred from the proceedings as recorded in said transcript. This court at all times has considered the contention of plaintiff that defendant was guilty of laches and delay without any merit, and the said transcript was considered by this court chiefly because of the representations shown by said transcript to have been made by Attorney Busteed to the court at that time, Judge Somers presiding.'

"That said quoted matter embodies respondent Hon. E. J. L. Taber's reasons for his rulings in the matter of said settlement, *e. g.*, 'the said transcript, however, is referred to in the decision of the court, and for that reason the same is permitted to remain in this statement,' and argumentative observations not embodying any fact, *e. g.*, 'the matter seems not to have been definitely disposed of by the court at such special hearing in May, 1912, and the defendant was therefore precluded from offering any testimony at that time tending to rebut any inference of laches or delay,' and 'this court at all times has considered the contentions of plaintiff that defendant was guilty of laches and delay without merit, and the transcript was considered by the court chiefly because of the representations shown by said transcript to have been made by Attorney Busteed to the court at that time,

Judge Somers presiding'—none of which matters has any place in the statement on appeal, and is prejudicial to petitioner's rights on appeal."

To the petition, part of which is set forth above, respondents have interposed a demurrer upon three separate grounds:

" First—That said petition does not state facts sufficient to constitute a cause of action.

"Second—That said petition does not state facts sufficient to show that petitioner is entitled to any relief whatsoever.

"Third—That it does not appear from said petition that there has been any refusal by the respondent, E. J. L. Taber, as judge or otherwise, to allow an exception in accordance with the facts or at all."

The petition in this case, we think, falls within the rule laid down by the Supreme Court of California in the *Matter of the Estate and Guardianship of Horace Hawes, et al., Minors*, 68 Cal. 414, 9 Pac. 457. The application in that case was brought under a provision of a code of civil procedure almost identical to that of ours, and the court there said: "In opposition to the application it is contended that the petition should set forth the exceptions taken and the evidence in support thereof. We think this the proper practice, and as the petition in this case does not show any of these facts, it should be denied."

By the prayer of the petition, petitioner seeks to invoke the power of this court "to prove his said statement and exceptions, and that the matters required by respondent Hon. E. J. L. Taber to be stricken from said statement be permitted to stand, and that said statement be settled without the insertion of the matter required by the respondent Hon. E. J. L. Taber to be inserted therein."

The statute (sec. 374), as set forth above, provides only that if the judge shall for any cause refuse to allow an exception in accordance with the facts, any party aggrieved thereby may petition the supreme court for leave to prove the same, but petitioner seeks to prove his statement and exceptions and that the statement be

settled without certain insertions. We think this is a matter that this court has no power to do. Where a court fails or refuses to settle the statement, or, if there were no mode provided by law for the settlement of the same, it might be settled by this court in such a manner as the rules of the court might provide, or as might be directed by this court, but this is not a case where the judge, in so far as the record discloses or the petition asserts, refused to settle the statement, and if it be anything it is only a case in which certain exceptions contended for by petitioner have not been allowed.

If the trial court, in the act of settling a statement, should refuse to allow an exception which had been duly taken during the course of the trial, it would be the duty of the petitioner, who sought to avail himself of the provisions of the statute (section 374, Civil Practice Act), to set forth the exception and also the evidence in support thereof in his petition. In this latter respect petitioner has failed in so far as his application goes.

In order for an application to be sufficient, under the provisions of our code, it should specifically set forth certain requisites: First, the exception taken during the trial or proceeding to a ruling actually made; second, the facts supporting the exception; third, that such exception and the facts supporting it were in truth and in fact presented to the trial judge for settlement and allowance; fourth, the actual settlement by the trial judge, or judicial officer, of the statement; fifth, that in the settlement of the statement or bill the trial judge, or judicial officer, has failed or refused to allow the exception as stated; and, sixth, that the exception refused by the trial judge, and which the applicant seeks to prove, is material to and affects the substantial rights of the parties.

The application in this case is lacking in the requisites as set forth, and, moreover, it does not appear that there has as yet been an actual settlement of the bill of exceptions by the trial judge. The application sets forth that on or about the 20th day of December, 1912, the respondent Hon. E. J. L. Taber rendered a written decision in the matter of the settlement, and petitioner attaches to his

application a copy of a part of that decision, but nowhere does he state in his application, nor is it stated in the so-called decision by the trial judge, that the statement was actually or is actually settled. We know of no reason why a decision should be rendered by a trial judge in the settlement of a bill of exceptions, but in a case of this kind if the trial judge saw fit to render an opinion or decision in the settlement of such a bill, it cannot be regarded as a final settlement of the bill, such as is contemplated by statute, and until a final settlement of a bill has been performed by the trial judge no party is actually aggrieved and the matter is still open for the consideration and approval of the trial judge.

But this court cannot be called upon under this provision of the statute to strike from or add to any record or proceeding of the trial court. It is not within the province of this court, under the provisions of the statute, to enlarge upon or detract from a bill of exceptions or statement on appeal. The sole purpose and aim of the statute is to permit a party aggrieved, under a proper application, to prove an exception actually taken to a ruling actually made, and when so proven the exception and ruling and the facts applicable thereto become a part of the record on appeal, but not in the nature of an amendment to the bill of exceptions or statement on appeal as settled by the trial court. It should affirmatively appear that the exception to be proven or allowed is in accordance with the facts, and that a proper application has been made to the trial court to allow such exception, and that the judge of the trial court, having had the application presented to him and having considered the same, has refused to act as requested.

That a trial judge has not settled a bill of exceptions or statement on appeal precisely as proposed or not in accordance with the facts does not in itself constitute such a refusal as is contemplated by the statute. Before an applicant's petition can be considered good to authorize this court in allowing him to prove an exception, the

desired exception must have been insisted upon by the party and the trial judge's refusal must clearly appear. (*Plano Mfg. Co.* v. *Person*, 11 S. D. 539, 79 N. W. 833.)

The provision of the civil practice act of California (section 652) is almost identical to that of ours in this respect. It is as follows: "If the judge in any case refuse to allow an exception in accordance with the facts, the party desiring the bill settled may apply by petition to the supreme court to prove the same. The application may be made in the mode and manner, and under such regulations as that court may prescribe; and the bill, when proven, must be certified by the chief justice as correct, and filed with the clerk of the court in which the action was tried, and when so filed it has the same force and effect as if settled by the judge who tried the cause."

The Supreme Court of California, speaking through Mr. Chief Justice Beatty, in *Re Dolbeer's Estate*, 147 Cal. 359, 81 Pac. 1098, relative to this subject, said: "It cannot be held that a judge has refused to allow an exception, unless it is shown that he has been properly requested to allow it, and therefore the petition for leave to prove an exception should show that the petitioner has taken the proper steps to procure the settlement of the bill of exceptions, that he included in his proposed bill a statement of the particular exceptions which he desires to prove, and that the judge in settling the bill refused to allow that he had taken such exception."

It is our judgment that it was never intended that this particular statute (sec. 374, Civil Practice Act) should afford relief where a trial court has refused to settle a bill of exceptions. In that case it is our opinion that another remedy should be resorted to. It is not within the province of this court to compel a trial court, under a proceeding of this kind, to insert in a bill of exceptions any matter which in the first instance he has refused to do, nor to eliminate matters which he has previously inserted. The sole object of the statute is to afford relief to a party aggrieved when a trial judge has refused

to allow an exception according to the facts; that is, where he has refused to admit by allowance that a particular ruling was made and excepted to when in fact it was made and excepted to.  If a trial judge, having had a bill of exceptions or statement on appeal presented to him, refuses to settle the same, the aggrieved party may proceed in this court under section 392 of the civil practice act, but if the trial judge, having had a bill of exceptions or statement on appeal presented to him, settles the same, the bill so settled is complete and unchangeable as to every exception therein contained.  If either party to the action feel aggrieved by reason of matters either inserted in or omitted from the statement, that party may apply to this court under section 374 of the civil practice act to prove either certain exceptions were reserved to rulings actually made, or that no such rulings or no such exceptions were made or reserved; and upon the hearing the party may prove and have allowed matters material to the ruling or the exception.  If the exception or exceptions be proven they then become a part of the record in the case with the same force and effect as the statement settled by the trial judge, but, as we have already stated, before the aggrieved party can proceed, his application to this court must contain certain specific requisites and allegations already enumerated.

The application in this case is subject to all of the grounds stated in the demurrer.  Moreover, it is subject to the objection that the application is premature.

For the foregoing reasons the application will be denied.

It is so ordered.