[Civ. No. 5058.  First Appellate District, Division One.—November 26, 1924.]

RAUER'S LAW AND COLLECTION COMPANY (a Corporation), Respondent, v. THE TEMPLAR MOTORS COMPANY (a Corporation), et al., Appellants; T. L. HAUSMAN, as Receiver, Petitioner.

[1] APPEAL—FINDINGS—REVIEW OF EVIDENCE—NEW TRIAL.—The sufficiency of the evidence to support the findings may be reviewed as effectually on appeal from the judgment as upon appeal from an order refusing a new trial; and this is so whether the appeal is taken by the regular or alternative method.

[2] BILL OF EXCEPTIONS—SECTION 652, CODE OF CIVIL PROCEDURE—TIME.—The time within which an application under section 652 of the Code of Civil Procedure to prove a bill of exceptions may be made is not fixed by either statute or rule of court.

[3] ID.—PROVING OF BILL OF EXCEPTIONS—TIME OF MAKING APPLICATION—EVIDENCE.—The filing of a petition to prove a bill of exceptions thirty days after final action of the trial judge in striking out the substance of the bill because no motion was made for a new trial and the appellate court therefore could not review the evidence was not too late, where on the day following the making of his order the trial judge left the state, and it is so apparent that the action of the trial judge in striking out the entire substance of the bill was through inadvertence that the petitioner was justified in waiting thirty days for the return of the trial judge to the end that the mistake might be called to his attention and the order vacated and set aside.

(1) 4 C. J., p. 666, sec. 2558.    (2) 4 C. J., p. 262, sec. 1871.    (3) 4 C. J., p. 263, sec. 1871.

APPLICATION to prove bill of exceptions under section 652 of the Code of Civil Procedure.  Application granted.

The facts are stated in the opinion of the court.

Haswell, Peterson & Martin for Appellants.

G. C. Ringole and Samuel Hamburg for Respondent.

1.  See 2 Cal. Jur. 818.
2.  See 2 Cal. Jur. 552.
3.  See 2 Cal. Jur. 558.

ST. SURE, J.—Original application to prove bill of exceptions under the provisions of section 652 of the Code of Civil Procedure.

The petition of T. L. Hausman as receiver for the Templar Motors Company, a corporation, and for himself as an individual, shows that on the second day of June, 1924, a judgment was obtained against him in the superior court, in the department thereof in the city and county of San Francisco presided over by the Honorable Thomas F. Graham; that appeal was taken on the 12th of June; that after extensions duly had petitioner presented his bill of exceptions to said trial judge for settlement; that on July 10th plaintiff above named proposed amendment to said bill by objecting to the substance thereof *in toto* and moving to strike out same upon the sole ground that "no motion was made in the above-entitled cause for a new trial and the appellate court therefore cannot review the evidence in the matter"; that thereafter (on September 20th, as stated at the argument on this motion) said trial judge granted said motion, and on the following day left the state of California, and at the time of filing of this petition and the hearing thereof was still without the confines of this state; that in granting said motion said trial judge struck out all of the evidence taken at the trial, and that the only ground assigned by him for such action was as above stated. No demurrer or answer was filed to the petition.

The burden of the argument of counsel appearing in opposition to granting the original application was that the same was not made with reasonable promptitude, it appearing that the petition was not filed in this court until thirty days after final action by the trial judge. [1] Such objection comes with poor grace from counsel who misled the trial judge by urging upon him the objection that "no motion was made in the above cause for new trial and the appellate court therefore cannot review the evidence in the matter," when it is settled that the sufficiency of the evidence to support the findings may be reviewed as effectually on appeal from the judgment as upon appeal from an order refusing a new trial. (*Smith* v. *Lightston*, 182 Cal. 41 [186 Pac. 769].) And this is so whether the appeal is taken by the regular or alternative method. (*Fisher* v. *Oliver*,

174 Cal. 781 [164 Pac. 800].)   **[2]**   The time within which an application under section 652 of the Code of Civil Procedure may be made is not fixed by either statute or rule of court.   In the *Estate of Dolbeer,* 147 Cal. 359, 362 [81 Pac. 1098], the supreme court said that such applications should be made with reasonable promptitude, but held that under the circumstances of that case two months' delay was excusable.   **[3]**   Here it is so apparent that the action of the trial judge in striking out the entire substance of the bill was through inadvertence that the petitioner was justified in waiting thirty days for the return of the trial judge to the end that the mistake might be called to the court's attention and the order vacated and set aside, as was done in *Donnelly* v. *Tregaskis,* 7 Cal. App. 317 [94 Pac. 383].

Petition granted.

Tyler, P. J., and Knight, J., concurred.