[C. A. No. 462. Appellate Department, Superior Court, Los Angeles County.—March 13, 1931.]

HERALD E. KOONZ, Respondent, v. COMFORT SUPPLY COMPANY et al., Appellants.

[1 Cal. Supp. 128.]

Gallaudet & Hoffman for Appellants.

Leonard G. Shelton for Respondent.

McLUCAS, P. J.—This is an action brought to recover for services rendered. Judgment was granted to plaintiff in the sum of $356.98. Defendants appeal from the judgment.

Defendants filed a petition in this court to prove a bill of exceptions under the provisions of section 988a of the Code of Civil Procedure, alleging that the bill of exceptions, as settled by the trial judge, was not in accordance with the facts. Section 988a, in part, provides as follows: "If the judge in any case refuses to allow a bill of exceptions, or to certify to a transcript, in accordance with the facts, the party desiring the bill settled, or the transcript certified, may apply by petition to the superior court to prove the same. The application may be made in such mode and manner and under such regulations as may be prescribed by rules adopted for that purpose; and the bill, when proved, or the transcript, when prepared, must be certified by the judge of the superior court by whom said application is determined, and filed with the clerk of the municipal court, and when so filed, it has the same force and effect as if settled or certified by the judge who tried the cause."

There being no rules adopted pursuant to the foregoing section, the applicants were advised to file a petition supported by affidavits, together with a copy of the bill of exceptions originally proposed by them, and to serve copies thereof on the respondent together with notice of the hearing. At the hearing, the petition being held sufficient, it was ordered that the petitioners be granted leave to

offer proof of their proposed bill of exceptions, and the matter was referred to the presiding judge of this department to take testimony in reference to the bill of exceptions submitted by the petitioners, and to report the result of his proceedings. The report of the referee, containing a transcript of the proceedings before the referee, has been filed in this court.

Section 988a is similar in its provisions to section 652 of the Code of Civil Procedure, which reads as follows: "If the judge in any case refuses to allow a bill of exceptions in accordance with the facts, the party desiring the bill settled may apply by petition to the Supreme Court to prove the same; the application may be made in the mode and manner, and under such regulations as that court may prescribe; and the bill, when proven, must be certified by the chief justice as correct, and filed with the clerk of the court in which the action was tried, and when so filed it has the same force and effect as if settled by the judge who tried the cause."

In so far as we are able to learn, section 988a, which was originally adopted in 1927 (Stats. 1927, p. 121), has received no interpretation from the appellate courts, although section 652 has frequently been reviewed by the higher courts. Under the authorities, this court has no power to settle a proposed bill of exceptions where the trial court has, for any reason, refused to settle a bill of exceptions. The remedy in case of such refusal is by *mandamus*. (*Keown* v. *California Pac. Realty Co.*, 207 Cal. 769 [279 Pac. 764].)

The question has been raised as to whether this court has the power to correct, add to, or subtract from the evidence as stated by the trial judge in the bill of exceptions. In *Estate of Dolbeer*, 147 Cal. 359 [81 Pac. 1098], it was said that as to the extent of the power of the Supreme Court under section 652, the construction of this section has been rather strict. It was further held that section 652 did not afford a remedy in respect to any exception allowed by the court, though the statements of the evidence in regard thereto may be incorrect, but section 652 was soon thereafter amended, changing the words, "an exception" to "a bill of exceptions". (Stats. 1907, p. 716.) *Estate of Dolbeer, supra,* being decided before the amendment of

section 652, was based on the statute reading "an exception". Since the amendment of section 652, the question of the power of an appellate court to correct the evidence in accordance with the facts has not been raised. In *Rauer's L. & C. Co.* v. *Templar Motors Co.*, 69 Cal. App. 782 [232 Pac. 464], a petition to prove a bill of exceptions was granted where the trial judge had stricken out a bill of exceptions including all the evidence taken at the trial. Section 988a was amended in 1929 (Stats. 1929, p. 858) so as to add the words "or to certify to a transcript", so that this section now applies to the refusal of a trial judge to allow a bill of exceptions or to certify to a transcript. ■ It is clear that the legislature intended to authorize the superior court to settle a bill of exceptions or transcript in accordance with the facts, including any evidence added to, subtracted from, or incorrectly stated in the bill of exceptions or transcript by the trial judge, where the trial judge has refused to allow a bill of exceptions or certify to a transcript in accordance with the facts. In order to establish such refusal, the petitioner must show that a bill or transcript identical in substance with that which he seeks to have settled by this court was presented to the trial court for allowance or certification at the proper time.

■ The presumption on appeal is that the lower court pursued its authority regularly, and if it is claimed that it did not do so, the facts showing irregularity must affirmatively appear. (*Estate of Wempe,* 185 Cal. 557, 563 [197 Pac. 949].) Where a bill of exceptions is contained in the record, it is presumed to contain all the evidence material to the rulings to which the exceptions were reserved and which were specified therein. (*Bedan* v. *Turney,* 99 Cal. 649, 652 [34 Pac. 442].) In *Hyde* v. *Boyle,* 89 Cal. 590 [26 Pac. 1092], it is said: "The settlement of a bill of exceptions is one of the duties imposed upon a judge by virtue of his office, and is to be performed by him under the sanction of his official oath. It is not to be presumed that he will in any instance so far violate his official obligation as either willfully or knowingly to insert in the bill any matter that is not properly there, or exclude therefrom any matter that should be inserted."

■ There is a presumption that official duty has been regularly performed. (Code Civ. Proc., sec. 1963, subd. 15.) There is also a presumption that a judicial record, when not conclusive, does still correctly determine or set forth the rights of the parties. (Code Civ. Proc., sec. 1963, subd. 17.) Petitioners urge that the trial court failed to include in the bill of exceptions the grounds given for motion of nonsuit, also that the trial court included in the bill of exceptions certain testimony not given at the trial before motion for nonsuit. Examination of the transcript of the proceedings held before the referee discloses that the trial was had in November, 1929, and that there was no court reporter present. The testimony of the witnesses as to what occurred at the trial is either in hopeless conflict or their recollection is so poor as to make their testimony of little value. Many of the witnesses apparently testified from their recollection of the facts and not from their recollection as to what evidence was given at the trial, although cautioned by the referee to confine their testimony to the trial proceedings. In view of the strong presumption in favor of the bill of exceptions as settled by the trial judge, we are not prepared to hold that the conflicting evidence taken by the referee is sufficient to overcome that presumption. The petition is ordered denied.

It was stipulated in open court by counsel for appellants that the judgment should be affirmed in the event that the petition be denied. The judgment is ordered affirmed, with costs of appeal to respondent.

Shaw, J., and Bishop, J., concurred.