[Civ. No. 6909. Second Appellate District, Division One.—May 14, 1931.]

EARLE STUART RHODE, Appellant, v. GURDON W. WATTLES, Respondent.

Earle Stuart Rhode, *in pro. per.*, and E. S. Green for Appellant.

E. O. Leake for Respondent.

CONREY, P. J.,—The plaintiff's complaint purports to state two causes of action which he describes as being "in *assumpsit*". The case went to trial on the second amended complaint under a stipulation that all allegations therein should be deemed to be denied without the filing of a written answer. The court made its findings of facts and entered judgment that the plaintiff take nothing. From this judgment the plaintiff appeals. We have before us the judgment-roll and a bill of exceptions.

When we eliminate from the grounds of appeal, as set forth in the opening brief of appellant, those which assume that matters are in the record which are not there, the points which remain are all, either directly or in their nature, claims or arguments wherein appellant attempts to show that the evidence was insufficient to sustain certain findings of fact. Turning to the bill of exceptions, we find that it contains no specification relating to sufficiency of the evidence other than the general specification "that there is insufficiency of evidence to justify the decision". Where there are specific findings, a general specification in the bill of exceptions that the evidence does not support "the findings" is not a compliance with the code requirement that the particulars wherein it does not support them must be stated, and is wholly insufficient. (*Mills* v. *Brady,* 185 Cal. 317, 320 [196 Pac. 776].)

The so-called closing brief of appellant is not a document acceptable as a brief and is not entitled to a place in the record. It consists entirely of a series of documents and alleged proceedings which apparently had some relation to the proceedings for settlement of the bill of exceptions and the action of the court thereon. This court should not in such an irregular way be led into the consideration of proceedings relating to the settlement of a bill of exceptions. The bill of exceptions, when settled and approved by the trial court, is presumed to be correct. If the judge in any case refuses to allow an exception in accordance with the facts, the remedy is provided as set forth in section 652 of the Code of Civil Procedure. This procedure is well settled in the practice. (*Estate of Dolbeer,* 147 Cal.

359 [81 Pac. 1098].) If appellant felt aggrieved by the action of the trial court in relation to the bill of exceptions, he had the right to make application to the Supreme Court, or to the Court of Appeal, in which his case was pending, provided that he made such application in the proper manner and with reasonable promptitude. Instead of proceeding in that appropriate manner, appellant has proceeded in the irregular way hereinabove described.

The so-called appellant's closing brief is stricken from the files, and the judgment is affirmed.

Houser, J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 10, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 13, 1931.