[Civ. No. 10300.   First Appellate District, Division One.—May 7, 1937.]

J. H. SHIVELY et al., Appellants, v. I. M. KOCHMAN et al., Respondents.

S. Laz Lansburgh and S. Joseph Theisen for Appellants.

Matthew J. Dooley and E. Coke Hill for Respondents.

KNIGHT, J.—Plaintiffs appealed from an order granting defendants' motion to set aside a default judgment entered against defendants in an action to recover rent for an apartment house and damages resulting from injury to and loss of

the furnishings therein during defendants' occupancy of the premises under a lease. The motion was based on grounds of mistake, inadvertence and excusable neglect. (Code Civ. Proc., sec. 473.) ■■■ The appeal was taken on a bill of exceptions, and thereafter plaintiffs filed a typewritten transcript on appeal and a printed opening brief. Approximately six months after the filing of the opening brief defendants served and filed herein notice of two motions, the first being to affirm the order appealed from on the grounds that the transcript on appeal was not printed as required by court rules, and that the bill of exceptions was not properly certified by the trial judge and did not contain all the papers used on the hearing of the motion to set aside the default judgment. Prior to the hearing of the motion, however, plaintiffs complied with the court rules by filing a printed transcript; and an inspection of the record shows that the bill of exceptions and the transcript are in due form; that is to say, the bill of exceptions bears the certificate of the trial judge that the bill was settled and allowed, and the respective parties have stipulated at the end of the transcript as to its correctness "and that the said appeal may be heard and determined thereon". The motion to affirm should therefore be denied.

The second motion is for diminution of the record. Defendants seek thereby to have included in the transcript and made part of the record on appeal certain court documents which they admit were excluded by the trial court from the bill of exceptions at the time of the settlement thereof. In this connection it appears that prior to the entry of the default the action was tried on the merits upon issues raised by a second amended complaint and the answer thereto, and as to these defendants was decided in their favor; that a new trial was granted, but subsequently the trial court made a new order denying a new trial and modifying the original judgment, and still later set aside the last order on the ground that it was without jurisdiction to make the same. As the record then stood the original order granting the new trial remained in force. Thereafter by leave of court plaintiffs filed an amended and supplemental complaint, which was served on defendants' counsel, but defendants failed to plead thereto within the time allowed therefor, and consequently judgment by default was taken against them. The documents defendants now seek to have incorporated in and made part of the

record on appeal consist of the second amended complaint and the answer thereto, the findings of fact and conclusions of law, plaintiffs' notice of intention to move for a new trial, defendants' notice of motion for a modified judgment, the trial court's amended findings of fact and conclusions of law, and its modified judgment.

■ It is well established, however, that when a bill of exceptions has been settled by the judge before whom the proceeding was had the appellate court must assume for all purposes of reviewing the action of the trial court that the bill contains a correct statement of what took place (*Hyde* v. *Boyle,* 89 Cal. 590 [26 Pac. 1092]; *Ritter* v. *Ritter,* 103 Cal. App. 583 [284 Pac. 950]), and that the trial judge in settling the bill has caused to be inserted therein all matter relevant to the ruling to which exception has been taken or will explain the same. (*Bedan* v. *Turney,* 99 Cal. 649 [34 Pac. 442].) ■ In the event the trial judge in settling the bill refuses to allow a bill of exceptions in accordance with the facts, the aggrieved party is afforded full and adequate remedy by section 652 of the Code of Civil Procedure to obtain a correct bill by means of application to the reviewing court. (*Estate of Dolbeer,* 147 Cal. 359 [81 Pac. 1098]; *Rhode* v. *Wattles,* 114 Cal. App. 144 [299 Pac. 574].) It is held, therefore, that when a bill has been duly certified and engrossed the reviewing court will not entertain proceedings to amend the same. (*Merced Bank* v. *Price,* 152 Cal. 697 [93 Pac. 866]; *Mendocino County* v. *Peters,* 2 Cal. App. 24 [82 Pac. 1122].)

■ Here the bill of exceptions proposed by plaintiffs recited at the end thereof that "the foregoing comprises all the papers, documents and evidence offered, presented, introduced or used and all the proceedings had upon or concerning the matters therein referred to". The bill was duly served on defendants' counsel, and, as stated in the affidavit he has filed in support of the present motion, he proposed as amendment to said bill the insertion therein of copies of the documents he now seeks to have made part of the record on appeal, but the trial judge disallowed said amendments and settled the bill accordingly. Apparently defendants had no complaint to make at the time the bill was settled, because they made no effort to avail themselves of the provisions of said section 652 of the Code of Civil Procedure. In fact, they expressly concede that the documents they now seek to have

made part of the record on appeal were never offered or received in evidence at the hearing of the motion to set aside the default. Moreover, it would seem that they were entirely satisfied with the record on appeal as filed because they joined in a stipulation at the end thereof that "the above and foregoing transcript on appeal is correct, that the same contains a true, full and correct copy of the Bill of Exceptions, the judgment roll, the order appealed from, the notice of appeal, and that the said appeal may be heard and determined thereon". Therefore, in the state of the record above set forth, and in view of the foregoing legal limitations governing reviewing courts, it is beyond the power of this court to incorporate any new matter in said bill.

■ Defendants contend, however, that they are not seeking to amend the bill of exceptions; that the purpose of their motion is merely "to enlarge" the record on appeal under the authority of section 953 of the Code of Civil Procedure by bringing before the court on appeal certain documents which will assist in the determination of the appeal on the merits.

We find no merit in the above contention, first, for the reason that said section, according to its terms, applies only to "any paper or record . . . which was before the trial court"; and admittedly the documents in question here were not brought before the trial court or called to its attention at the hearing of the issue before it. ■ Secondly, the obvious effect of granting the motion would be to allow a respondent, after the filing of a transcript on appeal, to build up a new record upon which to base new legal points in support of the judgment or order appealed from, not presented to or considered by the trial court in the determination of the matter out of which the appeal arose; and clearly this may not be done. ■ In this regard the record before us shows that the single ground urged in the trial court for setting aside the default was mistake, inadvertence and excusable neglect on the part of defendants' counsel in allowing the time to expire within which to plead to the amended and supplemental complaint; and the only evidence offered in support of the motion was the affidavit of defendants' counsel in which it was averred that the failure to answer was due to his mistake, inadvertence and excusable neglect in omitting to make appropriate entry in his register of actions of the date

of the expiration of the time to plead. Therefore, in reviewing the trial court's order granting said motion it must be presumed that the same was based on the ground mentioned; and this presumption is amply fortified by the refusal of the trial court to allow the documents in question to become a part of the bill of exceptions on appeal. Now, however, as appears from the affidavits and briefs filed on behalf of defendants' present motion, the object in seeking to have said documents made part of the record on appeal is to lay an evidentiary foundation for new points to be made and considered on appeal in support of the trial court's order, which were not made before or considered by the trial court at the time of the hearing and determination of the proceeding then before it, the main new point in this respect being, as shown by said affidavits and briefs, that the third amended and supplemental complaint alleged no additional material facts, and that therefore the answer to the second amended complaint was legally sufficient to bar the entry of a judgment by default on the third amended and supplemental complaint. As previously indicated, the law in our opinion will not permit this to be done.

For the reasons stated it is ordered that both motions be and the same are hereby denied.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1937, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 2, 1937.