[Civ. No. 11777. First Dist., Div. Two. Sept. 30, 1941.]

J. A. STEELE, Appellant, v. INTERNATIONAL AIR RACE ASSOCIATION OF AMERICA (a Corporation), Defendant; H. C. CARRASCO, as State Labor Commissioner, etc., Intervener and Respondent.

L. L. Steele and John Jewett Earle for Appellant.

Fred G. Goldsworthy and Olney L. Huff for Respondent.

NOURSE, P. J.—The respondent moves for an order to have incorporated in and made a part of the record on appeal four designated notices of preferred labor claims; objections to preferred labor claims; and order for payment of certain labor claims made prior to the entry of the judgment which is the subject of the appeal. His affidavit states "that other and separate claims for labor were filed in said action . . . prior to the filing of the claims for which the judgment appealed from was made and entered." It does not state that any of the documents which he asked to be incorporated in the record "was before the trial court" and does not show that "an examination of such paper or record will assist in a determination of the appeal on its merits" as required by section 953 of the Code of Civil Procedure.

The respondent concedes that his motion is made under this section of the code and does not controvert the appellant's counter-showing that the documents were not before the trial court on the hearing below and that they are in nowise material to a determination of the issues on this appeal. The record was made upon a bill of exceptions duly certified and allowed after both parties stipulated that it was a "full, true and correct engrossed bill of exceptions to be used on appeal herein."

It is the settled rule that when a bill of exceptions has been duly certified and engrossed the reviewing court

will not entertain proceedings to amend it to add matter outside the record. (*Shively* v. *Kochman,* 20 Cal. App. (2d) 688, 691 [68 Pac. (2d) 255].) The same case is authority that section 953 may not be used to permit a party to build up a new record upon matters which were not presented to or considered by the trial court in the determination of the issues out of which the appeal arose. (Page 692.)

But though documents sought to be incorporated in the record may have been before the trial court, the reviewing court will not order them to be added to the record except on a showing that they are material to and will assist in a determination of the appeal on its merits. (*Dresser* v. *Southern California Edison Co., Ltd.,* 28 Cal. App. (2d) 510 [82 Pac. (2d) 965].)

The motion is denied.

Spence, J., and Dooling, J., *pro tem.,* concurred.