Filed 10/23/25  Olaniyi v. Baksh CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| CHARLES K. OLANIYI, | B333197 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20CMCV00027) |
| v. | |
| AJIM BAKSH, | |
| Defendant and Respondent. | |

APPEAL from judgment of the Superior Court of the County of Los Angeles, Michael J. Shultz, Judge.  Affirmed.

Charles K. Olaniyi, in pro. per., for Plaintiff and Appellant.

Law Office of Jillisa L. O'Brien, Jillisa O'Brien, Conor H. McElroy, and Jack David Mantych for Defendant and Respondent.

Appellant and plaintiff in pro. per. Charles K. Olaniyi purchased a duplex. After allegedly discovering various construction defects, he sued the builder, defendant and respondent Ajim Baksh dba Baksh Construction (Baksh), for breach of warranty and fraud. Olaniyi presented his case at a bench trial, and after he rested, the trial court granted Baksh's motion for judgment pursuant to Code of Civil Procedure, section 631.8.[1] Judgment was entered for Baksh, and Olaniyi appealed. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. Operative Complaint

We summarize the relevant allegations of Olaniyi's operative verified fourth amended complaint.

Baksh constructed the subject duplex, and in early November 2017, executed a written warranty. The warranty covered defects in the workmanship and materials but was limited to "such instances of substantial nonconformity" as to which Olaniyi "shall have given written notice to [Baksh]" during a one-year period.

After purchasing the duplex, Olaniyi allegedly discovered problems with the flooring, drainage, sewer lines, water sprinkler systems, landscaping, joists, foundation, roofing, and concrete. He alleged that the installation of an air conditioning system was not completed. Olaniyi also alleged that he notified Baksh of defects in April and June 2018, and Baksh failed to fix the problems, thereby breaching the warranty.

---

[1] Undesignated statutory references are to the Code of Civil Procedure, and undesignated references to rules are to the California Rules of Court.

2

A cause of action for fraud was based on a Certificate of Occupancy that Olaniyi allegedly received from Baksh. Olaniyi characterized this document as a representation that the duplex was "suitable for occupancy," a statement that was false because Baksh knew of the defects in the construction of the property. Baksh allegedly intended to induce Olaniyi's "reliance on completeness and occupancy of the new construction," and Olaniyi completed the purchase in reliance on the misrepresentation. Olaniyi's alleged damages included loss of use of the property, lost rental income, and repair costs.

## B. Trial and Baksh's Motion Under Section 631.8

Olaniyi represented himself at a bench trial. The only witnesses he called were his wife and himself. He expressed his desire to call three others (nonparties Jason Sparks, Ory Rodriguez, and Mike Brown), but the court found that they were not served with subpoenas requiring their attendance.

After Olaniyi rested his case, Baksh's counsel orally moved for judgment under section 631.8, arguing that essential elements of the claims had not been established. Before Olaniyi responded, the court explained the nature of the motion and told him, "[Y]ou really want to address the elements of the cause of action here." Olaniyi argued in opposition to the motion. The court offered Olaniyi the opportunity to reopen his case, and though he initially indicated he wished to do so, he conceded he had no further evidence to present.

The trial court began its ruling with a finding that Olaniyi's testimony "was just simply not credible on many, many, many issues." Addressing the breach of warranty claim, the court found that the warranty required Olaniyi to notify Baksh of

3

defects in writing, and there was no proof he had done so. Further, the warranty covered only instances of "substantial nonconformity," but the defects described at trial did not rise to that level. Thus, it found that Olaniyi "cannot and did not prove [his] case" for breach of warranty.

As for fraud, the trial court found the evidence insufficient to establish Baksh's knowledge of falsity in the Certificate of Occupancy and warranty or his intent to induce Olaniyi's reliance. The court also found that Olaniyi failed to show any reliance was justifiable. The court pointed to Olaniyi's testimony that he had independently obtained an inspection report that disclosed problems with the property, which showed Olaniyi "kn[e]w what the defects [were] prior to signing that sales contract, and . . . signed it anyway." As for damages, the court acknowledged that the repair estimates Olaniyi offered had been excluded as hearsay, resulting in a "disconnect at every level" that left the court in a position where it "d[id]n't really even know what the full scope of the repairs should be."

The court granted the motion and entered judgment for Baksh. Olaniyi appealed.

## DISCUSSION

### A. Governing Law

Code of Civil Procedure, section 631.8 authorizes a party to move for judgment after the opposing party "has completed his presentation of evidence in a trial by the court." The motion enables the trial court, when it finds at the completion of plaintiff's case that the evidence does not justify requiring the defense to produce evidence, to weigh evidence and make findings of fact. (*Kinney v. Overton* (2007) 153 Cal.App.4th 482, 487.) The

4

court may enter judgment in favor of the defendant if it concludes that the plaintiff failed to sustain its burden of proof. (*Ibid*.)

Ordinarily, we would review a judgment entered under section 631.8 under the same standards as we review judgments entered after a completed bench trial: factual findings are reviewed for substantial evidence and questions of law are reviewed independently. (*Pettus v. Cole* (1996) 49 Cal.App.4th 402, 424–425.)

## B.     Claims of Error, Inadequate Record, and Forfeiture

A trial court's judgment is presumed correct, and it is the appellant's burden to demonstrate reversible error. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609.) Olaniyi asserts 10 claims of error in this appeal.[2] He argues that: (1) Baksh violated a pretrial order by failing to exchange exhibits; (2) Baksh's counsel engaged in witness tampering by discouraging two nonparties, Sparks and Rodriguez, from appearing at trial; (3) the trial court improperly excluded some of his exhibits as hearsay; (4) the trial court mishandled video evidence by playing one video with the narrator's voice muted and watching others outside of the courtroom; (5) the court refused to allow him to read Baksh's discovery responses into the record; (6) Baksh's counsel used falsified deposition transcripts to impeach him; (7) the trial court erroneously refused to compel the attendance of Brown, one of Baksh's experts; (8) Baksh falsified the warranty; (9) the trial

---

[2]     To the extent that Olaniyi attempts to assert more than the 10 contentions of error we can discern from the subheadings in his opening brief, we deem such contentions forfeited. (*Petrovich Development Co., LLC v. City of Sacramento* (2020) 48 Cal.App.5th 963, 976, fn. 9, citing Rule 8.204(a)(1)(B).)

court erroneously expelled his wife from the courtroom; and (10) the section 631.8 motion was granted in error because of the aforementioned errors and because it was not made in writing pursuant to section 1005.

These purported errors are not cognizable, however, because Olaniyi has failed to comply with basic tenets of appellate practice that apply to attorneys and self-represented litigants alike. (See *Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574.) He has failed to support many of his points with cogent argument, citations to relevant legal authority, and specific citations to the appellate record that would permit us to analyze them properly. Because his arguments and the citations to supporting evidence are insufficient, they are forfeited. (See *United Grand Corp. v. Malibu Hillbillies, LLC (*2019) 36 Cal.App.5th 142, 153 [an appellant must supply the reviewing court with cogent argument supported by legal analysis and citation to the record]; *Duarte v. Chino Community Hospital* (1999) 72 Cal.App.4th 849, 856 [arguments may be waived where the appellant fails to provide appropriate references to the record, including page citations].)

For example, Olaniyi argues that eight of his trial exhibits should not have been excluded as hearsay because they qualified as business records under Evidence Code, section 1271. However, he fails to explain how each exhibit qualifies as a business record. He also provides no citations to the record to show he presented evidence to satisfy section 1271's foundational requirements, such as testimony from "custodian[s]" or other "qualified witness[es]" describing each exhibit's "identity and the mode of its preparation," and no such testimony is readily

6

apparent from the record.  (Evid. Code, § 1271, subd. (c).)  This argument and other similarly defective arguments are forfeited.

Some of Olaniyi's arguments are forfeited due to his failure to make timely and specific objections to the trial court.  (*People v. Jackson* (2016) 1 Cal.5th 269, 328.)  For example, Olaniyi did not object when his wife was excluded from the courtroom after she testified as a witness.  Similarly, though he now argues that an oral motion under section 631.8 was improper, he did not object on this basis below.  These and other points raised for the first time on appeal are forfeited.

Finally, the record Olaniyi procured is insufficient to permit us to review or confirm his claims of error.  Appellants cannot meet their burden on appeal with arguments unsupported by the record. "Failure to provide an adequate record on an issue requires that the issue be resolved against" the appellant. (*Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.)

The record before us does not contain any pretrial order addressing the exchange of trial exhibits.  The trial court found that Olaniyi failed to subpoena the witnesses who failed to appear at trial, and the record contains no documents to indicate otherwise.  No deposition transcripts have been furnished despite Olaniyi's serious accusation that opposing counsel used falsified transcripts at trial.  Many of Olaniyi's arguments pertain to the admissibility or handling of trial exhibits, but none of these have been provided.  Testimony about an exhibit is not a substitute for the exhibit itself.  (See *Sanders v. Walsh* (2013) 219 Cal.App.4th 855, 874.)  Because the first eight claims of error are unreviewable due to an inadequate record, we resolve those claims against Olaniyi.

Acknowledging the deficient record, Olaniyi has filed two motions in this appeal. The first motion, seeking to attach a trial exhibit to the opening brief, is denied. The exhibit (a building plan) is not cited in his opening brief in support of any of the 10 claims of error, and he does not otherwise explain its relevance.

The second motion cites rule 8.130(h)(1), which permits a party to provide a settled statement describing proceedings for which there is no reporter's transcript. The rule is inapplicable to Olaniyi's motion because he does not seek to provide a settled statement. Instead, he seeks leave to file an amended designation that would add numerous new items to the record. Thus, Olaniyi has provided no authority to support the granting of his request.

Olaniyi's motion does not request augmentation of the record pursuant to rule 8.155, but had he done so, leave to augment also would be inappropriate. His motion is unsupported by good cause and noncompliant with the rule. (See *Courtell v. McEachen* (1956) 147 Cal.App.2d 219, 221 [augmentation denied due to appellants' unexcused delay and failure to show good cause].) Olaniyi fails to explain how each item he seeks to add to the record relates to the specific claims of error on appeal. (*Steele v. International Air Race Association of America* (1941) 47 Cal.App.2d 61, 63 [reviewing courts will not order documents to be added to the record "except on a showing that they are material to and will assist in a determination of the appeal on its merits"].) There is also no showing that each item was filed or lodged in the Superior Court. (Rule 8.155(a)(1)(A); *Lewis v. YouTube, LLC* (2015) 244 Cal.App.4th 118, 123 [record on appeal is generally limited to items that were part of the record at the

8

time judgment was entered].) Indeed, some of the proposed items could not have been part of the Superior Court's records because they are argumentative statements, not records or transcripts. For example, one of the "administrative proceeding[s]" Olaniyi proposes to include in the appellate record is the "Court's preferential treatment of defendant over plaintiff" during trial. Finally, Olaniyi has failed to attach copies of any documents he seeks to have added to the record. Thus, we deny this motion.

In sum, all of Olaniyi's claims of error are either forfeited, are unsupported by an adequate record, or both.

## C. Failure to Demonstrate Prejudicial Error

Even if we were to find merit in Olaniyi's claims of error, he has not shown that the errors warrant reversal of the judgment after trial. "Only prejudicial error results in reversal of a judgment. Error is prejudicial when it is probable that the party against whom it was made would have achieved a better result but for the error." (*Sargent Fletcher, Inc. v. Able Corp.* (2003) 110 Cal.App.4th 1658, 1674, citing Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) Here, Olaniyi has not shown that the purported errors prevented him from establishing the essential elements of his claims.

The trial court granted the section 631.8 motion based on its finding that Olaniyi failed to establish multiple elements of breach of warranty and fraud. Two of these failures are sufficient to illustrate the absence of prejudicial error. First, a breach of warranty was not proved because the warranty covered only those defects described in a timely written notice to the warrantor, and the trial court found no evidence that such a notice was delivered to Baksh. Second, fraud was not proved

9

because Olaniyi did not justifiably rely on any misrepresentation; instead, he purchased the duplex with knowledge of defects that had been reported by the property inspector he independently retained.

Olaniyi does not explain how the alleged errors prevented him from proving these elements. He does not contend that he was prevented from presenting evidence that proved delivery of a written notice of defects to Baksh. He also does not explain how any of the errors could have changed the finding of no justifiable reliance, which was predicated on an inspection report that Olaniyi himself offered at trial. Accordingly, Olaniyi has failed to demonstrate prejudicial error.

## DISPOSITION

The judgment is affirmed. Baksh is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

MORI, J.

We concur:

ZUKIN, P. J.

TAMZARIAN, J.

10